**OVERSEAS MEDIA CORPORATION, Joseph A. Dear and Marion Rospach, Plaintiffs,**

v.

**Robert S. McNAMARA, Secretary of Defense, Defendant.**

**Civ. A. No. 1953–66.**

United States District Court
District of Columbia.

Sept. 16, 1966.

Warren Woods and Betty Southard Murphy, Washington, D. C., for plaintiffs.

Irwin Goldbloom, Dept. of Justice, and Joseph M. Hannon, Asst. U. S. Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action by a publisher of a newspaper known as "Overseas Weekly", to restrain the Secretary of Defense from refusing to accord the use of military

facilities and Post Exchanges for the circulation and sale of the newspaper. The defendant moves for summary judgment.

■ The basic question of law is whether the matter is subject to judicial review. Post Exchanges are operated under government supervision with other than appropriated funds. Their purpose is to sell merchandise and other articles to men in the Armed Forces, especially in localities where there is no easy access to privately-owned stores. Obviously it is impossible for the military establishment to handle every possible line and item of merchandise. Its facilities would be overtaxed if it attempted to do so. The military authorities have the right, in fact the duty, to select lines of merchandise to be handled. They do handle and sell magazines and newspapers, but it is impossible to expect them to deal in every newspaper and magazine that is published. To do so would overload their facilities. Naturally, the military authorities have a right, therefore, to exercise discretion in determining what commodities to purchase and sell at Post Exchanges. They claim they have a sufficient number of publications so that their facilities are becoming saturated.

■ The Court is of the opinion that the military authorities have full discretion to determine what items of merchandise to handle and that this discretion is not subject to judicial review.

We must go back to the basic principle established many years ago by Chief Justice Taney in Decatur v. Paulding, 14 Pet. 497, 516, 10 L.Ed. 559, where he said:

"The interference of the courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief; and we are quite satisfied, that such a power was never intended to be given to them."

■ The freedom of the press is not involved in this case. The freedom of the press gives to any publisher or writer a right to print, publish, disseminate, circulate, and distribute publications without prior restraint, subject of course to libel laws and certain criminal laws. The freedom of the press, however, does not require government authorities to assist in the circulation of any publication, and this is what the plaintiff is endeavoring to secure in this instance. In effect the plaintiff asks this Court to require the Government to sell the plaintiff's magazine.

■■ The courts may not participate in the control of the Army and Navy of the United States. The President, as Commander-in-Chief of the Army and Navy, has plenary authority in the matter, except to the extent to which he is limited by Acts of Congress. It has been remarked on many occasions that it would be disastrous if the internal activities of the Army and Navy were controlled even in part by the courts or were subject to judicial review.

The Court is of the opinion that the case of Gonzalez v. Freeman, 118 U.S. App.D.C. 180, 334 F.2d 570, to which able counsel for the plaintiff refers, is clearly distinguishable. In that case it was held that the Secretary of Agriculture was without authority to issue an order barring or suspending a contractor from dealing with one of the agencies of the Department of Agriculture. Everyone has a right to bid on government contracts in those instances in which government purchases are subject to the bid system. The Court of Appeals held that under those circumstances a particular prospective bidder could not be barred for a specified period without a hearing, notice, and findings. In this instance, however, the bid system is not involved. The Army has a right to select such merchandise as it deems suitable under the circumstances for distribution through the Post Exchanges.

■ In the light of this discussion the Court reaches the conclusion that the activity of which the plaintiff complains is not subject to judicial review. The issues of fact which are sought to be raised become immaterial. Under the circum-

stances the defendant's motion for summary judgment is granted and, therefore, the plaintiffs' motion for a preliminary injunction becomes moot and is denied on that ground.